IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MYKEY TECHNOLOGY, INC. | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-12-2719 |
| | * | |
| INTELLIGENT COMPUTER SOLUTIONS | * | |
| | ****** | |

## MEMORANDUM

MyKey Technology, Inc. has instituted this action in the District of Maryland for patent infringement. Defendant, Intelligent Computer Solutions, Inc. ("ICS") has filed a motion to transfer venue to the Central District of California or, in the alternative, to dismiss. The action will be transferred to the Central District of California.

There is no question that this action could have been brought in the Central District of California because that is the district in which ICS has its principal place of business. Therefore, in determining whether to transfer the action, this court should consider (1) the weight accorded to plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice. *D 2 Ltd. v. Blackboard*, *Inc.,* 671 F. Supp. 2d 768, 778 (D. Md. 2008). While two of these factors may be somewhat neutral, the other two weight heavily in favor of transfer of the action.[1]

---

[1] MyKey contends that ICS is not subject to personal jurisdiction in the Central District of California. That fact, of course, is irrelevant because 28 U.S.C. §1404(a) does not require that a *plaintiff* be subject to the personal jurisdiction in the district to which an action is transferred. Rather, §1404(a) requires only that the district to which an action is transferred is only one where the action "might have been brought." 28 U.S.C. §1404(a). Whether or not MyKey is subject to personal jurisdiction in the Central District of California is immaterial to the inquiry that §1404(a) requires to be made. *See F.T.C. v. Watson Pharm., Inc.*, 612 F. Supp. 2d 1081, 1090

1

First, although the District of Maryland is MyKey's choice of venue, that choice is not entitled to significant weight in light of the fact that MyKey first sued ICS in the District of Delaware.  *See Cronos Containers, Ltd. v. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 465 (D. Md. 2000).  MyKey argues that *Cronos* does not apply because MyKey itself sought to transfer the Delaware action to the District of Maryland in light of the decision by the Federal Circuit in *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, (Fed. Cir. 2011).  That argument is unpersuasive.  In *Link_A_Media* the Federal Circuit held that the incorporation of a party is entitled to little weight in its determination of whether venue will be maintained in the district chosen by the plaintiff.  However, the judge in Delaware to whom the Delaware action was assigned had previously ruled on two occasions that *Link_A_Media Devices Corp.* is of limited precedential value where other factors weigh in favor of plaintiff's choice of Delaware as the appropriate forum.[2]

Second, it appears that there are a number of third-party witnesses located in California whom ICS intends to call upon to corroborate its defenses.  This factor is "[o]ften cited as the most important factor in passing on a motion to transfer under Section 1404(a) . . . ." 8 Charles Allen Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure*, § 3851 (3d ed. 2008).  The only third party identified by MyKey is Brian Ledell, a resident of Virginia,

---

(C.D. Cal. 2009) (citing 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 3845 (3d ed. 2007).

[2] ICS argues that to accord weight to MyKey's choice of Maryland "would be to reward MyKey for attempting to switch judges and jurisdictions after testing the waters in Delaware for almost a year." ICS's reply memo, at 9.  While there may be merit to this argument, I do not rely upon it.  Conversely, MyKey argues that for this court to transfer this action to the Central District of California would be to grant ICS as "second bite at the apple" in light of the fact that in opposing MyKey's motion to transfer this action to Maryland ICS filed its own motion to transfer the action to the Central District of California.  Fatal to this argument is the fact that ICS's motion to transfer was mooted by the fact that the Delaware court dismissed ICS from the case for lack of personal jurisdiction in Delaware.

who prosecuted the patent application for one of the three patents-in-suit.  Assuming that MyKey intends to call Ledell as a witness – a question on which his opposition memorandum is silent – as opposed to merely seeking discovery from him, any inconvenience to Ledell (assuming that he is willing to travel to the Central District of California to testify) is outweighed by the inconvenience to the third-party witnesses residing in California.

Third, while litigating this action in California may be relatively inconvenient for MyKey, that inconvenience is balanced by the inconvenience of litigating the action in Maryland for ICS.  In that connection, although convenience to counsel is not, of course, a factor listed in §1404(a), it is noteworthy that MyKey's primary counsel practices in California.  This fact may well minimize the inconvenience to MyKey that a transfer to the Central District of California would entail.

Fourth, ICS has raised legitimate questions as to whether it is subject to personal jurisdiction in Maryland.  This court has previously held that the "interest of justice" factor set forth in §1404(a) weighs against unnecessarily injecting a personal jurisdiction issue in a case that might render all proceedings in the case nugatory if it is ultimately determined that the defendant was not subject to personal jurisdiction in Maryland.  *See The Harry and Jeanette Weinberg Foundation Inc. v. ANB Investment Management and Trust Co.*, 966 F. Supp. 389 (D. Md. 1997); *Joseph M. Coleman & Assocs. Ltd. v. Colonial Metals*, 887 F. Supp. 116, 120 (D. Md. 1995).  I believe that my reasoning in these prior cases is sound.  "Therefore, the interest of justice" factor weighs in favor of the transfer of this action to the Central District of California.


Date:   December 21, 2012            _____/s/_____
                                    J. Frederick Motz
                                    United States District Judge